

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-290-CR
NO. 2-08-291-CR
NO. 2-08-292-CR

MCCLENDON MOODY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant McClendon Moody entered open pleas of guilty to three offenses—unauthorized use of a vehicle, burglary of a building, and possession of four grams or more but less than 200 grams of cocaine with intent to deliver, along with a plea of true to the deadly weapon allegation on the cocaine

---

[1] ... *See* Tex. R. App. P. 47.4.

charge. He also signed judicial confessions to the three offenses as charged. The trial court accepted Appellant's pleas and convicted him of the three offenses. The trial court also ordered a presentence investigation report (PSI). After judicially noticing and reviewing the PSI and hearing the testimony of Appellant, his mother, and his girlfriend of eleven years, the trial court sentenced Appellant to two years' confinement in a state jail facility for unauthorized use of a vehicle and burglary of a building and fifteen years' confinement in prison for the possession with intent to deliver offense, with all the sentences to run concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

*Anders*, this court is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel's motion to withdraw.[4]

We have carefully reviewed counsel's brief and the records.  We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing else in the records that arguably might support any appeal.[5]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 17, 2009

---

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[5] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).